# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JUDITH ALLISON, JAY A. FLETCHER,
individually and on behalf of themselves and all
others similarly situated,

        Plaintiffs,

v.                                            No. CIV 02-381 BB/LFG

AT&T CORPORATION,

        Defendant.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court for consideration of Plaintiffs' motion to remand this case to state court (Doc. 10), as well as Defendant's motion to stay any decision on the remand issue (Doc. 22). The Court has reviewed the submissions of the parties, entertained oral argument, and considered the relevant law. The Court is inclined to find that removal of the case was proper, and the remand motion should be denied. However, to avoid possibly inconsistent results, the Court will not decide the remand issue at this time. Instead, the Court will grant Defendant's request for a stay. Granting this request will allow the Multi-District Litigation Panel an opportunity to determine whether this case, as well as the multiple class-action cases pending in other districts, should be transferred to one district for decision. Should such transfer occur, the transferee court will have an opportunity to address the numerous pending motions for remand in a consistent manner. If no transfer occurs, this Court will render a final decision on the remand issue.

**Court's Preliminary Views as to Propriety of Removal:** Defendant has argued three grounds for removal of this case from the state court: the doctrine of complete preemption, the substantial-federal-question doctrine, and diversity jurisdiction. At this time, the Court views the

diversity argument to be without merit under Tenth Circuit precedent. In addition, given the Congressional movement to deregulate the telecommunications industry, the savings clause found in 47 U.S.C. Section 414, and the F.C.C.'s statements concerning de-tariffing and the application of state law to contracts between Defendant and its customers, it is difficult to find that Congress has expressed an intention to completely preempt state law in this area. *See Marcus v. AT&T Corp.*, 138 F.3d 46, 54 (2d Cir. 1998) (rejecting argument that Federal Communications Act ("FCA") completely preempted various state-law claims). The substantial-federal-question doctrine, however, is a different matter.

When a case is filed in state court and the complaint on its face contains no federal cause of action, the case may be removed to federal court under the substantial-federal-question doctrine only if resolution of the action "must necessarily turn on a substantial question of federal law, and that federal law in turn must create a private cause of action." *Rice v. Office of Servicemembers' Group Life Ins.*, 260 F.3d 1240, 1245 (10th Cir. 2001) (describing when state-law cause of action arises under federal law); *D'Alessio v. New York Stock Exchange, Inc.*, 258 F.3d 93, 99-100 (2d Cir. 2001) (applying similar standard to determine whether removal jurisdiction existed). Plaintiffs attack both prongs of the *Rice* standard, contending both that the FCA does not create a private cause of action for claims arising out of universal service fund ("USF") charges, and that their claims of being over-charged by Defendant are not dependent on federal law.

Plaintiffs' first contention is based on 47 U.S.C. Section 254, which created the universal service program and which requires carriers to contribute to the USF. Plaintiffs point out that there is no provision in Section 254 for any private right of action. In 47 U.S.C. Section 207, however, Congress provided that any person claiming to be damaged by a carrier could bring suit in federal court for those damages. This provision has specifically been applied to claims involving USF

2

charges. *See Panatronic USA v. AT&T Corp.*, 287 F.3d 840, 843 (9th Cir. 2002) (federal district court had subject-matter jurisdiction, under § 207, to consider claim that carrier's USF charges violated 47 U.S.C. § 202(a)). Furthermore, Plaintiffs' claims of being overcharged with respect to the USF charges fit readily into 47 U.S.C. Section 201(b), which mandates that all charges imposed by carriers shall be just and reasonable.[1] It appears to the Court that the FCA does create a private right of action for over-charging claims such as Plaintiffs'.

To support removal, however, it is not enough for a federal cause of action to simply exist. Instead, the state-law claims asserted by Plaintiffs must necessarily depend on federal law, or require resolution of a substantial issue of federal law. *Rice; D'Alessio.* If Plaintiffs' state claims are simply alternative claims for relief to their potential Section 201 claims, and may exist concurrently with those claims, the substantial-federal-question doctrine will not support removal. This is because Plaintiffs, as the masters of their claims, may choose to omit their potential federal claims if they wish to forego such recovery. *See Schmeling v. NORDAM*, 97 F.3d 1336, 1340 (10th Cir. 1996). In this case, however, it appears to the Court that Plaintiffs will have to prove a violation of Section 201 or Section 202, in order to prove they were overcharged by Defendant with respect to the USF charges imposed by Defendant.

The Court has reviewed a number of the F.C.C. reports cited or provided by the parties. These reports indicate there are several possible explanations for the differences between the contribution factor percentage set by the F.C.C. and the percentage charged by Defendant and paid by Plaintiffs (in addition to the possibility suggested by Plaintiffs, that Defendant is simply retaining more money than it is entitled to). These possible explanations include the following: (1)

---

[1] The F.C.C. recognizes that § § 201 and 202 apply to USF charges as well as other rates and charges imposed by carriers. *See, e.g., Further Notice of Proposed Rulemaking and Report and Order*, F.C.C. 02-43, p. 43, Exh. A, Def.'s Response in Opposition to Motion to Remand.

administrative costs of collecting and contributing the USF charge; (2) charging customers who pay their bills a higher percentage to make up for customers who do not; (3) the six-month lapse between receipt of revenues and the F.C.C.'s determination of the contribution factor as well as the USF amounts owed by Defendant, combined with declining revenues during those six months; and (4) charging certain classes of customers, such as "pre-subscribed" customers, a higher percentage than other customers, such as pre-paid calling-card customers or dial-around customers. *See* Exh. A, *supra*, pp. 41-42; *In re: Federal-State Joint Board on Universal Service*, 16 F.C.C.R. 9892, 9895-96 (F.C.C. 96-45). Plaintiffs' claims, therefore, are not a simple matter of proving that the USF percentages charged by Defendant and collected from Plaintiffs are higher than the contribution factors set by the F.C.C., and that any amounts above those contribution factors constitute unjust enrichment or an unfair trade practice. Instead, to prove that Defendant is charging higher USF percentages than it is "entitled" to charge, Plaintiffs will necessarily have to prove that the explanations for Defendant's "mark-ups"[2] are in reality violations of Sections 201 or 202.

For example, to prove that Defendant is not entitled to charge customers the amount of mark-up, if any, attributable to administrative costs, Plaintiffs will have to establish that passing through these administrative costs is unjust or unreasonable under Section 201. Otherwise, an incongruous and impermissible result could occur – a practice that is permitted by federal law, the imposition of a reasonable USF charge that includes the pass-through of administrative costs, could be the basis for an award of damages under state law. Another example is the possibility that Defendant is charging a higher USF percentage to certain classes of customers than to others. To recover damages

---

[2]A term used by the F.C.C. for the difference between the contribution factor and the USF percentage charged to customers. It should be noted that the F.C.C. is well aware of these mark-ups, and has requested comments on several proposals to regulate the mark-ups to ensure they are imposed without violating Sections 201 or 202. *See* Exh. A, *supra,* pp. 42-43.

4

for this practice, Plaintiffs would have to establish that the discrimination between classes of customers is unjust or unreasonable, and thus a violation of federal law, because Section 202 forbids only unjust or unreasonable discrimination in charges. In sum, to establish that recoverable overcharges occurred, Plaintiffs will necessarily become enmeshed in questions of the justness or reasonableness of the explanations Defendant offers for the variances between the contribution factors and the amounts charged Plaintiffs and other customers. These questions are substantial federal questions directly impacting the FCA and the federal universal service program.[3]

**Grant of a Stay:** As the foregoing discussion shows, the Court believes, at least at this time, that removal of this case was proper based on the substantial-federal-question doctrine. However, the Court recognizes that a different district court, having the benefit of input from a number of different cases, arguments, briefs, and authorities, could reach a different conclusion. For example, at the hearing on the motion to remand, counsel for Plaintiffs raised the novel possibility that Sections 201 and 202 have been superseded by deregulation and the de-tariffing process. While this is apparently not the F.C.C.'s view, and was not the view of the Ninth Circuit in *Panatronic*, *supra*, the Court does not wish to preclude any court from considering arguments that might alter the Court's current conclusion as to the propriety of removal in this case. As stated above, therefore, the Court will refrain from entering a final decision at this time as to the remand issue. The Court's preliminary jurisdictional conclusion, however, is at a minimum sufficient to support the retention of this case in

---

[3]The Court notes Plaintiffs' arguments that, after de-tariffing, carriers such as Defendant are to be treated as much as possible like any other de-regulated business, and subject to the same state laws. With respect to the USF program, however, the carriers are not like any other business. Other businesses are not required to contribute directly to a federal program designed to ensure that their services are available to as many potential customers as possible. At least to the extent that carriers are forced to contribute funds to this federal program, and allowed to pass through those contributions to their customers, they appear to remain subject to the FCA's requirement that their charges be just, reasonable, and not unjustly or unreasonably discriminatory. § § 201, 202.

federal court, while the Multi-District Litigation Panel decides whether this case and others should be transferred to a single district. The Court will therefore grant Defendant's request for a stay of all proceedings in this case, pending the issuance of a decision by the Panel.[4]

## ORDER

A Memorandum Opinion having been entered this date, it is hereby ORDERED that Defendant's motion for a stay (Doc. 22) be, and hereby is, GRANTED, and all proceedings in this case be stayed, pending a decision by the Multi-District Litigation Panel, and that Plaintiff's motion for remand (Doc. 10) be held in abeyance.

Dated this 13th day of June, 2002.

*[signature]*

BRUCE D. BLACK
United States District Judge

---

[4] The Court has been informed by the parties that the Panel held a hearing on the transfer issue on May 30, 2002, and that a decision as to the original cases is expected from that Panel some time in June.

**ATTORNEYS**:

**For Plaintiffs**:
J.E. Gallegos
David Sandoval
Slate Stern

**For Defendant**:
Robert M. St. John
James P. Bieg
Michael Doss
Mark B. Blocker
John K. Van De Weert
Tillman J. Breckenridge